DOROTHEA OLMSTEAD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olmstead v. Commissioner
Docket No. 27819-91
United States Tax Court
T.C. Memo 1993-216; 1993 Tax Ct. Memo LEXIS 219; 65 T.C.M. (CCH) 2704; May 19, 1993, Filed *219 Dorothea Olmstead, pro se. For respondent: Paul Colleran. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for tax year 1988 in the amount of $ 6,885, an addition to tax under section 6651(a)(1) for failure to file a timely return in the amount of $ 363.50, and an addition to tax for negligence under section 6653(a)(1) in the amount of $ 344.25. After the parties' concessions as to the amount of the deficiency, and respondent's concession with respect to the addition to tax under section 6651(a)(1), the issues for decision are: (1) Whether petitioner is entitled to an overpayment of her 1988 tax, and (2) whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules or regulations. In resolving the first issue, we will answer two questions raised by petitioner: (1) Whether there was a deficiency in petitioner's *220 1988 income tax, and (2) which is the applicable period of limitations for claiming a refund. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Watertown, Massachusetts, when she filed her petition. Petitioner works as a staff attorney and coordinator of computerized legal research for the United States Court of Appeals for the First Circuit in Boston and also teaches mathematics in the evenings at Boston University. Petitioner did not file a timely Federal income tax return for tax year 1988. Respondent sent petitioner a notice of deficiency on August 28, 1991. This notice was prepared on the basis of petitioner's Forms W-2 and 1099, assuming single filing status and the standard deduction. Petitioner filed her 1988 return on December 6, 1991, after the notice of deficiency was mailed to her on August 28, 1991. This return showed tax due of $ 5,345 and taxes withheld of $ 5,432. Petitioner claimed an overpayment on her return and a refund in the amount of $ 87.03. The parties agreed that the tax due for 1988 was $ 5,345.00. On April 22, 1992, respondent produced *221 a revised audit statement showing the deficiency in tax of $ 5,345.00, and an "adjustment to prepayment credits" of $ 5,431, resulting in a refund due petitioner in the amount of $ 86.00, which amount was barred by the statute of limitations. At trial respondent conceded the additions to tax for late filing and reduced the negligence addition to $ 267.00. Petitioner argues that, since she overpaid her taxes for 1988 through withholding, there is no deficiency and she has complied with the applicable period of limitations for claiming a refund. Respondent's position is that petitioner is not entitled to a refund because her refund claim was untimely; furthermore, respondent determined, she owes an addition to tax for negligence. Respondent's determination is presumed to be correct. Petitioner bears the burden of proving it erroneous. Rule 142(a); . As a preliminary matter, we deal with petitioner's contention that respondent has waived the affirmative defense of statute of limitations due to failure to plead it specifically in the answer. Rule 39. We must disagree. According to Rule 31(a), the purpose *222 of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. Petitioner's petition does not fulfill this purpose. Rule 34(b)(4) requires that the petition contain clear and concise assignments of each and every error which the petitioner alleges to have been committed in the determination of the deficiency or liability. Rule 34(b)(5) requires the petitioner to present clear and concise lettered statements of the facts on which the assignments of error are based. Petitioner's petition consists of five lettered sentences. It states, inter alia, that "The taxpayer is due a refund of $ 87.03, the overpayment." In this statement, petitioner gives no indication of the legal or factual basis upon which she intends to base this claim. We find that respondent's answer, consisting of a denial of this claim and a statement that additions to tax had been determined, is sufficient. Furthermore, respondent raised the defense of statute of limitations in the pretrial memorandum, in addition to having raised it in the revised audit statement, and petitioner has shown no prejudice from its not having been raised *223 sooner. Now we turn to the merits of this case. Section 6001 provides that "Every person liable for any tax * * * shall * * * make such returns, and comply with such rules and regulations as the Secretary may * * * prescribe." Section 6011(a) provides: GENERAL RULE. -- When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.
An individual filing as a single taxpayer whose gross income equals or exceeds the sum of the exemption amount plus the applicable standard deduction is required to file a Federal income tax return. Sec. 6012(a)(1)(A)(i). Taxpayers who report their income on the basis of the calendar year are required to file their returns on or before April 15th following the close of the calendar year. Sec. 6072(a). Pursuant to section 6512(b)(1), this Court has jurisdiction to determine an overpayment of tax. However, section 6512(b)(3) *224 limits the amount of the allowable credit or refund on the basis of the time of payment of the tax. Section 6512(b)(3) provides: LIMIT ON AMOUNT OF CREDIT OR REFUND. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and *225 within the period specified in section 6532.
In this case, subparagraphs (A) and (C) have no application: no portion of the tax was paid after the mailing of the notice of deficiency; no claim for credit or refund was filed before the date of the mailing of the notice of deficiency. Hence the question is whether any portion of the tax was paid within the period that would have been applicable if, on the date of the mailing of the notice of deficiency, a refund claim had been filed. In other words, section 6512(b)(3)(B) requires us to assume that a hypothetical or deemed claim for refund was filed on the date the notice of deficiency was mailed. We must then determine whether that claim would have been timely. We emphasize that we must base this decision upon the date of the mailing of the notice of deficiency. Events transpiring after the issuance of the notice of deficiency are not relevant to this decision. Section 6511(a) specifies the period of limitations for filing a refund claim. The general rule is that a claim for refund of an overpayment of tax shall be filed within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever *226 occurs later, or if no return was filed, within 2 years from the time the tax was paid. Section 6511(b) provides an additional rule limiting the amount of the refund on the basis of the time of payment of the tax. Section 6512(b)(3)(B), as cited above, directs us to section 6511(b)(2), (c), or (d). Subsections (c) and (d) have no application to this case. [1] Section 6511(b)(2) provides: (2) LIMIT ON AMOUNT OF CREDIT OR REFUND. (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim. (B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax *227 paid during the 2 years immediately preceding the filing of the claim. (C) LIMIT IF NO CLAIM FILED. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
Subparagraph (B), the relevant provision, as will be demonstrated below, permits a refund only of the portion of the tax paid during the 2 years immediately preceding the filing of the claim. For purposes of sections 6511 and 6512, taxes withheld by the employer are deemed paid on April 15th of the following year. Sec. 6513(b)(1). Petitioner argues that, for her 1988 tax year, there was no deficiency, *228 as she overpaid her taxes through withholding. The term "deficiency" is a term of art, defined in section 6211. Section 6211(a), in relevant part, defines a deficiency as the excess of the amount of tax actually due over the amount shown as tax by the taxpayer upon the return, if the taxpayer made a return showing an amount of tax due. Sec. 6211(a)(1)(A). As petitioner did not file a return before the issuance of the notice of deficiency, the deficiency is equal to the entire tax due. Although respondent issued a revised audit statement taking into account the amount of tax withheld, a deficiency was correctly determined, given petitioner's failure to file a tax return. We uphold respondent's determination that a deficiency existed for petitioner's 1988 tax year. Petitioner argues that, under , affd. , the tax reported on an untimely return will be taken into account in determining whether a deficiency exists. In the Emmons case, the late-filed return was filed before the deficiency notice was issued. Petitioner ignores the fact that *229 the deficiency is determined in the deficiency notice, upon which the jurisdiction of this Court is premised. We turn now to the related questions of the period of limitations for claiming a refund and the period which determines the amount which may be paid or credited. In this case, petitioner's taxes, paid through withholding, are deemed paid on April 15, 1989. Sec. 6513(b)(1). Her claim for refund is deemed filed on August 28, 1991, the date of the notice of deficiency. Petitioner's taxes were paid more than 2, but less than 3 years prior to the filing of the deemed claim for refund. The 3-year limitations period of section 6511(b)(2)(A) does not apply because petitioner did not file a return until December 6, 1991, subsequent to the mailing of the deficiency notice. Section 6511(a) provides that the claim for credit or refund "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." This sentence means that for the 3-year limitations period to apply, the return must be filed *230 at or before the time at which the claim for credit or refund is filed or deemed to be filed. In other words, if no return has been filed at the time the claim for credit or refund is filed or deemed filed, a return filed subsequent to that date will not cause the 3-year period of limitations to apply. ; ; ; ; . We uphold respondent's determination that petitioner is not entitled to a refund or credit for tax year 1988. Respondent also determined that petitioner is liable for the addition to tax under section 6653(a)(1) for negligence or intentional disregard of rules or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . *231 Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); . We find under the circumstances of this case that petitioner was negligent. Delinquent filing of a return, involving disregard of a known legal duty, constitutes negligence. ; . Petitioner has offered no legal justification for her failure to file a timely return. Petitioner's belief that she owed no tax is not a justifiable reason for failing to comply with the law requiring the filing of appropriate returns. See . We uphold respondent's determination as to the addition to tax for negligence. Decision will be entered under Rule 155. Footnotes
1. Subsection (c) deals with the situation in which the period of limitations for assessment of tax has been extended by agreement; subsection (d) provides rules applicable to special situations such as bad debts, worthless securities, and net operating loss carrybacks, which have no application to this case.↩